Edward Wolff, Defendant in Error, v. Mary Schillinger, Plaintiff in Error.

Gen. No. 14,889.

LIENS—*section 3 of Mechanic's Lien Act construed.* A subcontractor is not entitled to a lien against the property of the wife by virtue of the provisions of section 3 of the Mechanic's Lien Act, because the wife who knew of the principal contract with her husband did not protest in writing against it. A contractor alone is given the right to a lien by this section and he cannot by reason of its provisions maintain a personal action against such wife.

Mechanic's lien. Error to the Municipal Court of Chicago; the Hon. FRANK E. REED, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed February 15, 1910.

McCASKILL & SON, for plaintiff in error.

JOHN F. HAAS, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

Plaintiff's claim in this case was based solely on section 3 of the Mechanic's Lien Law. He as subcontractor supplied goods to one with whom defendant's husband, on his own behalf and not for his wife, had contracted for the erection of a building on defendant's lot. She knew of the contract and did not protest in writing against it. There is no proof that she had any knowledge of the subcontract.

This section aims to subject a woman's property to the burden of her husband's debts under certain circumstances. If it be constitutional—and somewhat

similar provisions have been held invalid in other states—nevertheless its scope cannot be extended by construction or implication.

It is not only in that part of the Act that deals with the rights of original, not subcontractors, but by its express words, it gives a lien only to one acting in pursuance of a contract with the husband. Subcontractors are therefore excluded.

Moreover it gives only a lien on the property; it does not attempt to charge the wife personally. A personal action is therefore inapplicable when the claim is based solely on this statutory provision.

*Reversed.*